FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 09, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERI T.,[1]<br><br>        Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 4:18-cv-05103-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 15, 16 |

    Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 16. The parties consented to proceed before a magistrate judge. ECF No. 3. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 15, and denies Defendant's motion, ECF No. 16.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ORDER - 2

ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER - 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On January 29, 2014, Plaintiff protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of June 1, 2013. Tr. 288-300. The applications were denied initially, Tr. 186-89, and on reconsideration, Tr. 194-204. Plaintiff appeared at a hearing before an administrative law judge on January 6, 2017. Tr. 37-97. On May 1, 2017, the ALJ denied Plaintiff's claims. Tr. 12-33.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2013. Tr. 17. At step two, the ALJ found Plaintiff had the following severe impairments: mild hand arthritis, mild carpal tunnel syndrome, degenerative joint disease in the hips with status post total hip replacement, degenerative disc disease, and chronic obstructive pulmonary disease. Tr. 17. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed

ORDER - 6

impairment. Tr. 19. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [she] can climb ramps/stairs, balance, stoop, kneel, crouch, and crawl occasionally; she cannot climb ladders, ropes, or scaffolds; she can reach overhead bilaterally on an occasional basis; she can frequently handle; and she must have no concentrated exposure to extreme hold [sic], vibration, pulmonary irritants, and hazards.

Tr. 19.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as an accounting clerk, inventory clerk, dispatcher maintenance service, locker room attendant, order filler, appointment clerk, reservation clerk, receptionist, and pharmacy deliverer. Tr. 25. Therefore, without proceeding to step five, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from June 1, 2013, through May 1, 2017, the date of the ALJ's decision. Tr. 26.

On April 24, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income

ORDER - 7

benefits under Title XVI of the Social Security Act. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly weighed the medical opinion evidence; and

2. Whether the ALJ properly weighed Plaintiff's symptom claims.

ECF No. 15 at 2.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff challenges the ALJ's consideration of the medical opinions of Wendy Eider, M.D., Nichole McAllister, PA-C, and Amber Barnes, ARNP. ECF No. 15 at 3-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions

ORDER - 8

of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.' " *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir.

2014) (alteration in original); *see* 20 C.F.R. § 416.902[2] (acceptable medical sources are licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, qualified speech-language pathologists, licensed audiologists, licensed advanced practice registered nurses, and licensed physician assistants). However, an ALJ is required to consider evidence from non-acceptable medical sources. 20 C.F.R. § 416.927(f).[3] An ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion. *Ghanim*, 763 F.3d at 1161.

   1. Dr. Eider

Dr. Eider examined Plaintiff on January 16, 2014, and diagnosed Plaintiff with osteoarthritis of multiple sites, including the cervical and lumbar spine, and fibromyalgia. Tr. 471. Dr. Eider opined that Plaintiff needed to pace her activities and take frequent rest periods during the day to control her pain and thus as a result

---

[2] Prior to March 27, 2017, the definition of an acceptable medical source was located at 20 C.F.R. § 416.913.

[3] Prior to March 27, 2017, the requirement that an ALJ consider evidence from non-acceptable medical sources was located at 20 C.F.R. §§ 404.1513(d), 416.913(d).

ORDER - 10

was unable to "participate in the work force" and recommended that Plaintiff seek disability. Tr. 471.

The ALJ failed to discuss Dr. Eider's opinion or assign a level of weight to it. The ALJ must evaluate every medical opinion received according to a list of factors set forth by the Social Security Administration. 20 C.F.R. §§ 404.1527(c), 416.927(c) (2012). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). The Commissioner argues that Dr. Eider's report was not a medical opinion as it did not opine as to Plaintiff's functional capacities. ECF No. 16 at 3. This argument is not persuasive. Dr. Eider's report was a medical opinion: a "statement[] from [an] acceptable medical source[] that reflect[s] judgments about the nature and severity of [Plaintiff's] impairment(s), including [her] symptoms, diagnosis, and prognosis, what [she] can still do despite impairments(s) and [her] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). In failing to discuss Dr. Eider's opinion, the ALJ erred.

The Commissioner argues this error is harmless. ECF No. 16 at 3. The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir.

2015). An error is harmful unless the reviewing court "can confidently conclude that no ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, Dr. Eider, a rheumatologist, was the only acceptable medical source in the record to opine that Plaintiff had physical limitations that required her to pace her activities and also take frequent rest breaks to control her pain. Tr. 471; *see also* Tr. 463 (noting that Plaintiff was seen by Dr. Eider, who recommended that narcotic pain medications be avoided if possible); Tr. 1137 (noting that Plaintiff was seen by Dr. Eider, a rheumatologist who diagnosed fibromyalgia). The ALJ did not discuss this opined limitation—an opinion that is consistent with Ms. McAllister's opinion that Plaintiff was severely limited and Ms. Barnes' opinion that Plaintiff must lie down during the day and would have absenteeism problems. Tr. 19, 616-17, 697-98. Moreover, contrary to Plaintiff being treated by Dr. Eider, a rheumatologist, the ALJ noted that Plaintiff "never sought an evaluation by a rheumatologist, as her provider had recommended." Tr. 18. Thus, the ALJ determined that fibromyalgia—a condition, which the ALJ failed to recognize had been diagnosed by Dr. Eider—was not a severe medical condition. Tr. 18. While later in 2015, Ms. McAllister again referred Plaintiff to a rheumatologist, the medical notes indicate that Plaintiff had difficulty scheduling this second rheumatology appointment because the only rheumatologist then taking

ORDER - 12

new patients whom also accepted Plaintiff's insurance was located in Seattle and Plaintiff was unsure whether she could travel from her home in Kennewick to Seattle. Tr. 1133, 1141, 1153. Based on this record, without a pace or break limitation incorporated into the RFC, the Court cannot confidently conclude that the disability determination would remain the same were the ALJ to fully credit Dr. Eider's opinion. The ALJ's error was not harmless.

The Commissioner contends that there is "no meaningful inconsistency between Dr. Elder's [sic] statement and the RFC finding." ECF No. 16 at 2-3. The Court is unable to reconcile the source's conclusion that Plaintiff cannot participate in the workforce with the ALJ's RFC that results in employability.

The Commissioner next urges the Court to determine the ALJ would have rejected Dr. Eider's opinion if it had been specifically considered because it is inconsistent with Plaintiff's activities in caring for a disabled individual and farm animals. ECF No. at 3. However, the Court cannot affirm the ALJ's decision based on findings not made by the ALJ. *See Stout*, 454 F.3d at 1054.

On remand, in light of Plaintiff's degenerative disc and joint diseases and the passage of time since the ALJ's May 2017 decision, the ALJ is instructed to schedule a consultative examination pursuant to 20 C.F.R. §§ 404.1512 and 416.917, take testimony from a medical expert if warranted, reconsider the medical

ORDER - 13

evidence, including Dr. Eider's opinion, and, if necessary, resolve conflicts in the evidence.

### B. Other Challenges

Plaintiff raises several other challenges to the ALJ's evaluation of the medical opinion evidence and Plaintiff's symptom testimony. ECF No. 15 at 5-20. The Court declines to address these challenges here. However, the Court briefly addresses the following. First, if the ALJ is to discount Ms. McAllister's and Ms. Barnes' opinions on the grounds that they were inadequately supported, the ALJ must consider not only the explanations, if any, offered in these opinions but whether the opinions were supported by the provider's treatment records or the records reviewed by that provider. *See Garrison*, 759 F.3d at 1014 n.17; *Trevizo v. Berryhill*, 871 F.3d 664, 667 n.4 (9th Cir. 2017). Second, if the ALJ is to find that Ms. Barnes' opinion contained an inconsistency because it mentioned that Plaintiff began treatment in July 2004, the ALJ must offer a meaningful analysis of this found inconsistency, particularly in light of Ms. Barnes' note that Plaintiff was not treated at Ms. Barnes' clinic until February 2013. Tr. 616; *see Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (recognizing that conclusory reasons do not "achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions

ORDER - 14

so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Third, if the ALJ discounts Plaintiff's claims of disabling pain on the grounds that Plaintiff cared for her blind, elderly friend, the record must identify the nature, scope, and duration of the care involved after the alleged disability onset date and the ALJ must identify how the care and activities are inconsistent with Plaintiff's reported symptoms. *See, e.g.*, Tr. 449, 805, 1141. *see Trevizo*, 871 F.3d at 675-76; *Garrison*, 759 F.3d at 1016; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (recognizing that a claimant's ability to engage in activities that were sporadic or punctuated with rest, such as housework, occasional weekend trips, and some exercise, do not necessarily support a finding that she can engage in regular work activities). Finally, if the ALJ is to discount Plaintiff's testimony because of noncompliance with treatment, the ALJ must assess whether any reasons offered constitute good cause for failure to follow or seek treatment. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *Holohan*, 246 F.3d at 1205; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

**C. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 17 at 10.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d

ORDER - 15

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a

ORDER - 16

whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, further proceedings are necessary. As discussed *supra*, the ALJ erred by failing to evaluate Dr. Eider's opinion regarding physical functional limitations. However, Dr. Eider's opinion was contradicted by the nonexamining opinions of Steven Haney, M.D., and Gordon Hale, M.D., who both opined that Plaintiff could perform a reduced range of light work, did not have pace restrictions, and did not need non-standard breaks. Tr. 145-50, 163-65 The ALJ gave Dr. Haney's and Dr. Hale's opinions significant weight. Tr. 24. Even if the ALJ were to have fully credited Dr. Eider's opinion, the evidence would present an outstanding conflict for the ALJ to resolve. Therefore, further proceedings are necessary for the ALJ to resolve potential conflicts in the evidence. The ALJ is instructed to conduct a new sequential analysis on remand, including reconsidering step two, step three, and Plaintiff's symptom testimony in light of the new analysis of the medical evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is neither supported by substantial evidence nor free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

ORDER - 17

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED April 9, 2019.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE